UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILINCE OCCEUS (A#232-864-954)<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07057-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The record demonstrates that Petitioner is a native and citizen of Haiti who entered the United States in 2023 without being inspected by immigration officials. After first encountering and arresting Petitioner in 2023, immigration officials then paroled into Petitioner the United States until June 12, 2025. ECF No. 6-1 at 2. Petitioner also reportedly had temporary protected status ("TPS"), which expired on November 8, 2025 and was not renewed. ECF No. 6-1 at 3.

Immigration and Customs Enforcement ("ICE") detained him on May 22, 2026 after he was released from criminal custody in Palm Beach County, Florida on charges of Grand Theft Auto, Loitering or Prowling, Burglary of an Unoccupied Conveyance; and Resisting/Obstructing an Officer Without Violence. ECF No. 6-1 at 4 (Arrest Warrant); ECF No. 6-2. All of these

criminal charges except the Resisting/Obstructing charge were "dropped/abandoned" by the local prosecutor on June 25, 2026. ECF No. 6-2 at 1-28 (Rap Sheet). Petitioner was issued a Notice to Appear ("NTA") in immigration court charging him with being removable pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 6-1 at 6-8. He is currently detained at the California City Detention Facility located in this judicial district.

In his § 2241 application, Petitioner challenges his detention as a violation of due process. ECF No. 1. Respondent concedes that "Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. July 30, 2026), holds § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 6.

In light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a) which provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Respondent does not contend that it ever undertook a custody redetermination process for Petitioner that would have allowed him request custody redetermination by an immigration judge. There is also nothing in the DHS records filed by the respondents indicating that such a process occurred. Accordingly, Petitioner was denied statutory and regulatory protections under § 1226(a) and 8 C.F.R. § 1236.1(d) for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right"). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Petitioner is entitled to habeas relief in the form of immediate release from immigration detention. See Feng, 2026 WL 472635, at *1.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.
2. Respondent be ordered to immediately release Petitioner BILINCE OCCEUS (A#232-

864-954) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE